# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**TRACY COATES**                                                                                 **PLAINTIFF**

**V.**                                                                              **NO. 3:20-CV-25-DMB-RP**

**SAIA MOTOR FREIGHT LINE, LLC,**
**a/k/a SAIA LTL FREIGHT; MARCUS**
**MORROW; and JOHN DOES 1-10**                                                               **DEFENDANTS**

## ORDER CONSOLIDATING CASES

Before the Court is Saia Motor Freight Line, LLC and Marcus Morrow's "Motion to Consolidate Related Cases." Doc. #15.

## I
## Background and Procedural History

On January 23, 2020, Tracy Coates filed a complaint in the United States District Court for the Northern District of Mississippi against Saia Motor Freight Line, LLC, Marcus Morrow, and John Does 1-10, which was docketed as civil action number 3:20-cv-25-DMB-RP. Doc. #1. The complaint alleged a tractor trailer owned by Saia and operated by Morrow negligently struck and killed Coates' son, Matthew Brawley, while Coates, Brawley, and Derek Wilson were assisting Valerie McClure with McClure's disabled car on Highway 78 in DeSoto County, Mississippi. *Id.* at 2–5, 7–9. After Saia and Morrow answered the complaint, Coates filed an amended complaint on February 24, 2020, against the same defendants with substantially the same allegations regarding the same incident.[1] Docs. #6, #7, #10.

On March 20, 2020, Saia and Morrow, pursuant to Federal Rule of Civil Procedure 42(a),

---

[1] According to the amended complaint, Coates' original complaint "asserted claims for wrongful death and individual claims for infliction of emotional distress. In the case at bar, Plaintiff Tracy Coates is only asserting individual claims." Doc. #10 at 1 n.1.

filed a motion to

> consolidate this case with two substantially related actions, *Valerie McClure v. Saia Motor Freight Line, LLC, a/k/a Saia LTL Freight, et al.*, Case No. 3:20-cv-026-DMB-JMV (N.D. Miss., filed Jan. 23, 2020) and *Saia Motor Freight Line, LLC v. Valerie McClure, Tracy Coates, Raymond King, Dereck Wilson and Tracy Waaraniemi*, Case No. 3:20-cv-027-NBB-RP (N.D. Miss., filed Jan. 24, 2020), or, alternatively, join such cases for pretrial discovery.

Doc. #15.[2] The defendants argue that, because the actions arise "out of the same automobile accident" and "involve the same parties and witnesses," they "involve essentially identical questions of law and fact," and "[i]ssues of alleged liability—including for punitive damages—will therefore be identical in each case." Doc. #16 at 5. They further argue that "[j]udicial economy is best served by consolidating these cases" and "[t]he risk of inconsistent adjudications of the common factual issues will be avoided." *Id*. at 6. Coates filed a response on April 3, 2020, stating that she does not oppose the consolidation of this case and the *McClure* case "for discovery purposes only." Doc. #29 at 1 (emphasis omitted).[3] Coates' response does not mention the *Saia* case at all.

**II**
**Analysis**

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad authority to consolidate actions in accordance with Rule

---

[2] The defendants filed a similar motion to consolidate in the *McClure* case on April 1, 2020. *See McClure*, at Doc. #14. Saia filed a similar motion to consolidate in the *Saia* case on April 1. *See Saia*, at Doc. #10. Because this order consolidates the cases, the motions to consolidate filed in the *McClure* case and the *Saia* case will be terminated as moot.

[3] Coates also mentions a motion she filed in this case to transfer this case and the *McClure* case "to Judge Mills who was the original District Judge assigned to [them]." Doc. #29 at 1–2. Coates' motion to transfer will be addressed by separate order.

42(a). *Luera v. M/V ALBERTA*, 635 F.3d 181, 194 (5th Cir. 2011). However, "[c]onsolidation is improper if it would prejudice the rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

This case, the *McClure* case, and the *Saia* case involve common questions of law and fact. They all arise from the same incident—the collision of Saia's Morrow-driven tractor trailer with McClure's car. Coates and McClure have sued the same defendants (Saia and Morrow), assert the same causes of action,[4] and seek the same relief.[5] Relatedly, the *Saia* case seeks to perpetuate the testimony of witnesses present at the scene before, during, and after the collision—specifically, McClure, Coates, and three others.[6] Furthermore, given that Coates, McClure, Saia, and Morrow are each represented by the same attorneys in all three cases and that the three cases are in similar procedural postures,[7] the Court finds no risk of prejudice from consolidation. Thus, in the interest of judicial economy, to conserve the time and resources of the parties, and to avoid the risk of inconsistent judgments, consolidation of the three actions for all purposes, including trial, will be ordered. *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 492 (5th Cir. 2018) ("Rule 42(a) is 'the

---

[4] Coates' original complaint and amended complaint both contain eight counts—"Count One: Negligence of Defendant Marcus Morrow;" "Count Two: Negligence Per Se of Defendant Marcus Morrow;" "Count Three: Vicarious Liability/Respondeat Superior of Defendant Saia;" "Count Four: Negligent Entrustment – Defendant Saia;" "Count Five: Negligent Hiring, Supervision, and Retention – Defendant Saia;" "Count Six: Reckless or Wanton Infliction of Emotional Distress against Defendants;" "Count Seven: Negligent Infliction of Emotional Distress against Defendants;" and "Count Eight: Punitive Damages." Doc. #1 at 7–15; Doc. #10 at 8–16. The first five counts of McClure's six-count complaint appear to be identical in title and substance to the first five counts of Coates' complaints; McClure's "Count Six: Punitive Damages" is substantially identical to Count Eight in Coates' complaints; and McClure's complaint contains the same pictures of the accident scene in Coates' complaints. *See McClure*, at Doc. #1.

[5] Coates and McClure both pray for "all damages as set forth herein, including compensatory damages in an amount to be determined at trial, punitive damages, pre-judgment and post-judgment interest, costs, and attorneys' fees and expenses, and any such further relief to which Plaintiff may be entitled at law or in equity." Doc. #1 at 15; Doc. #10 at 16; *McClure*, at Doc. #1, at 13.

[6] The *Saia* petition alleges that McClure was Brawley's girlfriend, and that the three others—"RJ" Raymond Leeroy King, Dereck Scott Wilson, and Tracy Waaraniemi—were, respectively, Brawley's friend, Brawley's uncle, and McClure's mother. *Saia*, at Doc. #1, at 2.

[7] The *McClure* case and the *Saia* case were commenced on the same day. The *Saia* case was filed one day later.

proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court.'") (quoting *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)); *Davis v. Yellow Cab Co. of St. Petersburg*, 220 F.2d 790, 791 (5th Cir. 1955) (no error in consolidating for trial two suits against same defendant involving same accident).

When actions are consolidated under Rule 42(a), the Local Rules of this Court require that "the action bearing the lower or lowest docket number will control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried." L.U. Civ. R. 42. This action, as the first-filed case with the lowest docket number, will be designated as the lead case, with the district judge and magistrate judge assignments in the consolidated cases determined accordingly.

## III
## Conclusion

For the reasons explained above, the defendants' motion to consolidate [15] is **GRANTED**. Accordingly,

1. This case (3:20-cv-25), the *McClure* case (3:20-cv-26), and the *Saia* case (3:20-cv-27) are **CONSOLIDATED** for all purposes, including trial.

2. This action, 3:20-cv-25, is designated as the lead case.

3. All documents shall be filed in the lead case and spread on the docket of the related cases[8] in the Court's electronic case management system, unless the Court direct otherwise.

4. The caption of all documents filed in the lead case shall indicate first the caption of

---

[8] Alternatively, the words "FILED IN ALL CASES" may be printed on the document before its title and then electronically filed in each case consolidated by this order.

this action, followed by the caption in the *McClure* case, then the caption in the *Saia* case. The words "consolidated with" must appear directly under the caption of this case, and directly under the caption of the *McClure* case.

5. Because this order consolidates this case with the *McClure* case and the *Saia* case, the defendants' motion to consolidate[9] in the *McClure* case, and Saia's motion to consolidate[10] in the *Saia* case, are **TERMINATED as moot.**

**SO ORDERED**, this 7th day of April, 2020.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

[9] *See McClure*, at Doc. #14.

[10] *See Saia*, at Doc. #10.