# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

TRACY COATES                                                                           PLAINTIFF

V.                                                               NO. 3:20-CV-25-DMB-RP

SAIA MOTOR FREIGHT LINE, LLC,
a/k/a SAIA LTL FREIGHT; MARCUS
MORROW; and JOHN DOES 1-10                                  DEFENDANTS

## ORDER

Before the Court is Tracy Coates' "Motion to Transfer Case to Original District Judge." Doc. #18.

## I
## Background

On June 4, 2019, Tracy Coates, individually and as a representative of the wrongful death beneficiaries of Matthew Brawley, deceased, filed a complaint in the United States District Court for the Northern District of Mississippi against Saia Motor Freight Line, LLC, Marcus Morrow, and John Does 1-10. *See Coates v. Saia Motor Freightline, LLC*, No. 3:19-cv-117, at Doc. #1 (N.D. Miss. June 4, 2019) ("*Coates I*"). The case was randomly assigned to United States District Judge Michael P. Mills. The complaint alleged that on April 11, 2019, a tractor trailer owned by Saia and operated by Morrow negligently struck and killed Coates' son, Matthew Brawley, while Coates, her brother Derek Wilson, and Brawley, were assisting Valerie McClure with McClure's disabled car on Highway 78 in DeSoto County, Mississippi. Saia and Morrow answered the complaint on July 17, 2019. *Id.* at Doc. #7.

On September 12, 2019, Coates moved to voluntarily dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), on grounds that:

> Valerie McClure, a witness to the accident that killed Matthew Brawley and a plaintiff in a related case involving the same accident, <u>Valerie McClure v. Saia Motor Freightline, LLC et. al.</u>, 3:19-CV-159-MPM-RP, which was voluntarily dismissed without prejudice on September 9, 2019, is currently undergoing treatment in a mental health facility and is not expected to be able to materially assist in the prosecution of either case for the foreseeable future.

*Id.* at Doc. #17. Saia and Morrow filed a response opposing the motion unless Judge Mills imposed "the condition that Plaintiffs ensure that evidence contained on the cell phones and social media accounts of Valerie McClure, Tracy Coates, and the Decedent Matthew Brawley is preserved and that the cell phones themselves are preserved so that no text messages nor phone calls are deleted or wiped off the phone." *Id.* at Doc. #20. On December 12, 2019, Judge Mills granted Coates' motion and dismissed the case with the caveat "that all parties comply with their duties to preserve evidence." *Id.* at Doc. #28.

On January 23, 2020, six weeks after the dismissal without prejudice of *Coates I*, Coates filed this action in the United States District Court for the Northern District of Mississippi against Saia, Morrow, and John Does 1-10 ("*Coates II*"). Doc. #1. This action was randomly assigned to the undersigned district judge. Similar to the complaint in *Coates I¸* the complaint alleged that on April 11, 2019, a tractor trailer owned by Saia and operated by Morrow negligently struck and killed Coates' son, Matthew Brawley, while Coates, Brawley, and Derek Wilson were assisting Valerie McClure with McClure's disabled car on Highway 78 in DeSoto County, Mississippi. *Id.* at 2–5, 7–9. After Saia and Morrow answered the complaint, Coates filed an amended complaint on February 24, 2020, against the same defendants with substantially the same allegations regarding the same incident.[1] Docs. #6, #7, #10.

---

[1] According to the amended complaint, Coates' original complaint "asserted claims for wrongful death and individual claims for infliction of emotional distress. In the case at bar, Plaintiff Tracy Coates is only asserting individual claims." Doc. #10 at 1 n.1.

On March 20, 2020, Saia and Morrow, pursuant to Federal Rule of Civil Procedure 42(a), filed a motion to

> consolidate [*Coates II*] with two substantially related actions, *Valerie McClure v. Saia Motor Freight Line, LLC, a/k/a Saia LTL Freight, et al.*, Case No. 3:20-cv-026-DMB-JMV (N.D. Miss., filed Jan. 23, 2020) and *Saia Motor Freight Line, LLC v. Valerie McClure, Tracy Coates, Raymond King, Dereck Wilson and Tracy Waaraniemi*, Case No. 3:20-cv-027-NBB-RP (N.D. Miss., filed Jan. 24, 2020), or, alternatively, join such cases for pretrial discovery.

Doc. #15.

Eleven days later, on March 31, 2020, Coates filed a "Motion to Transfer Case to Original District Judge." Doc. #18. Citing Local Rule 42, Coates argues that *Coates II* "was originally filed as Cause No. 3:19-CV-117, and voluntarily dismissed by the plaintiff, without prejudice," and that it "should be transferred to Judge Mills who was the original District Judge assigned to Cause No. 3:19-CV-117." *Id.* at 1. Saia and Morrow filed a response on April 3, 2020, stating simply that "although Defendants do not oppose the Motion, Defendants cannot endorse the Motion, either. Accordingly, Defendants respectfully defer to the Court's discretion in deciding whether to grant or deny the Motion." Doc. #26.

On April 7, 2020, this Court granted Saia and Morrow's motion to consolidate *Coates II*, the *McClure* case, and the *Saia* case. *Id.* at Doc. #30. *Coates II* is designated as the lead case. *Id.* at 4.

## II
## Analysis

Local Rule 42[2] provides in full:

**CONSOLIDATION OF ACTIONS.** In civil actions consolidated under FED.R.CIV. P.42(a), the action bearing the lower or lowest docket number will

---

[2] The Local Civil Rules were amended effective December 1, 2019. *Coates I* was commenced before then on June 4, 2019. Because the amendments did not include any changes to Local Rule 42, the text of Local Rule 42 in effect at the time *Coates I* was filed is the same as that in effect after December 1, 2019.

control the designation of the district or magistrate judge before whom the motion to consolidate is noticed; the docket number will also determine the judge before whom the case or cases will be tried. Consolidation of actions from different divisions of a district court will be controlled by the earliest filing date. A dismissal of the action bearing the lower or lowest number before the hearing on a motion to consolidate will not affect the operation of this rule. The judge initially assigned the lower or lowest numbered action, even if that action has been dismissed, will be the judge before whom the action(s) will be tried.

By its express language, Local Rule 42 applies to *consolidated* civil actions. *Coates I* was never consolidated with any other case and, therefore, does not fall within the ambit of the rule.[3]

For this reason, the motion to transfer will be denied.[4]

## III
## Conclusion

Coates' "Motion to Transfer Case to Original District Judge" [18] is **DENIED**.

**SO ORDERED**, this 8th day of April, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Coates seems to place importance on her filing in *Coates II* of "an amended civil cover sheet (ECF 11) confirming that this was a refiling." Doc. #18 at 1. However, when a court dismisses an action without prejudice under Rule 41(a), the dismissal "effectively erases the dismissed action" such that re-filing of the claims amounts to "the initiation of a second action." 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (3d ed. 1998). In this sense, while this case may involve "re-filed" claims from *Coates I*, it is not the same action within the meaning of Local Rule 42.

It appears Coates now complains about her own decision to request the dismissal without prejudice of *Coates I*. An option other than dismissal with prejudice was certainly available. Indeed, Coates could have requested *Coates I* be stayed until it could have been conclusively determined whether McClure's mental health treatment would or would not preclude her participation in *Coates I* (or in McClure's own case against Saia and Morrow). This Court has not been made aware of anything that prevented Coates from seeking to stay *Coates I* pending such a determination.

[4] To the extent Coates' request for a transfer to Judge Mills may be viewed as an attempt to manipulate the random system of judge assignments in this district,

> a court faced with judge-shopping has the authority to act to preserve the integrity and control of its docket. Moreover, it is particularly important for a district utilizing a random selection process to jealously guard the integrity of the system from potential abuse which attempts to circumvent the process. By engaging in judge-shopping, parties contravene the very purpose of random assignment, which is to prevent judge-shopping by any party, thereby enhancing public confidence in the assignment process.

*Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 72–73 (D.P.R. 2004) (cleaned up). While the dismissal of *Coates I* was somewhat unusual given the filing of *Coates II* six weeks later, there is no indication Coates has engaged in judge-shopping so as to justify a transfer.