IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TRACY COATES**      **PLAINTIFF**

**V.**      **NO. 3:20-CV-25-DMB-RP**

**SAIA MOTOR FREIGHT LINE, LLC,
a/k/a SAIA LTL FREIGHT; MARCUS
MORROW; and JOHN DOES 1-10**      **DEFENDANTS**

**consolidated with**

**VALERIE MCCLURE**      **PLAINTIFF**

**V.**      **NO. 3:20-CV-26-DMB-RP**

**SAIA MOTOR FREIGHT LINE, LLC,
a/k/a SAIA LTL FREIGHT; MARCUS
MORROW; and JOHN DOES 1-10**      **DEFENDANTS**

**ORDER**

On December 18, 2020, Saia Motor Freight Line, LLC, and Marcus Morrow filed an amended[1] motion to exceed by ten pages Local Civil Rule 7(b)(5)'s 35-page limitation for their original and rebuttal memorandum briefs supporting each of their respective motions for partial summary judgment. Doc. #277.[2] As grounds, they represent that "they are unable to adequately address Plaintiffs' Additional Material Facts and all of the arguments Plaintiffs made in their response within [the original] page limitations." *Id.* at ¶ 6. They further represent that the plaintiffs do not oppose this request. *Id.* at ¶ 8.

Local Rule 7(b)(5) provides that a movant's "original and rebuttal memorandum briefs

---

[1] Their original motion to exceed the page limit was filed earlier the same day. Doc. #276. The amended motion corrects a typographical error in the caption of the original motion.

[2] In these consolidated cases, the Court cites the docket of the lead case, which is 3:20-cv-25.

together may not exceed a total of thirty-five pages," and a "respondent's memorandum brief may not exceed thirty-five pages." "Page limitations are important, not merely to regulate the Court's workload, but also to encourage litigants to hone their arguments and to eliminate excessive verbiage." *Fleming v. Cnty. of Kane*, 855 F.2d 496, 497 (7th Cir. 1988) (citation omitted). Accordingly, leave to exceed a page limitation "should only be sought in exceptional circumstances." *Id.*

Here, the only argument offered for extending the page limit is that, in responding to the motions for summary judgment, the plaintiffs in these consolidated cases relied on facts not mentioned in the motions for summary judgment. Doc. # 277 at ¶¶ 4–5. Inclusion of additional facts in a response to a motion for summary judgment is hardly unusual, much less an exceptional circumstance. Furthermore, as recognized by Saia and Morrow, the plaintiffs' responses are both within the thirty-five-page limitation. *Id.* Under these circumstances, the Court sees no reason to extend the page limitation. Accordingly, the motion to exceed the page limit [277] is **DENIED**. The original motion to exceed the page limit [276], which was superseded by the later-filed motion, is **DENIED as moot**.

**SO ORDERED**, this 22nd day of December, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**